IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREDERIALO J. BACA,

        Plaintiff,                    No. 2:11-cv-2459-LKK-JFM (PC)

    vs.

BRELJE, *et al.*,

        Defendants.          ORDER

_____/

        Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5  U.S. 232, 236 (1974).

6         The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and
7  finds it subject to dismissal as vague and conclusory, as well as for failure to state a claim.
8  Setting forth his allegations in a single paragraph, plaintiff alleges the Sacramento County
9  Sheriff's Department, Lieutenant Brelje, and Deputies Caramello, Campbell, Mendeoza, Orozco,
10 Clanton and Jennings violated his First and Eighth Amendment rights by verbally and/or
11 physically assaulting him.  The court has determined that the complaint does not contain a short
12 and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a
13 flexible pleading policy, a complaint must give fair notice and state the elements of the claim
14 plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
15 Plaintiff must allege with at least some degree of particularity overt acts which defendants
16 engaged in that support plaintiff's claim.  Id.  Furthermore, verbal harassment or abuse alone is
17 not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v.
18 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a
19 constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Because plaintiff has
20 failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be
21 dismissed.  The court will, however, grant leave to file an amended complaint.

22         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
23 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
24 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
25 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
26 there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
5            In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
12           In accordance with the above, IT IS HEREBY ORDERED that:
13           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
14           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
16 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
17 Sheriff of Sacramento County filed concurrently herewith.
18           3.  Plaintiff's complaint is dismissed.
19           4.  Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Amendment and submit the following documents to the court:
21              a.  The completed Notice of Amendment; and
22              b.  An original and one copy of the Amended Complaint.
23 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
24 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
25 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
26 /////

1  file an amended complaint in accordance with this order may result in the dismissal of this
2  action.
3  DATED: December 30, 2011.

    _____
    UNITED STATES MAGISTRATE JUDGE

7  /014;baca2459.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREDERIALO J. BACA,

      Plaintiff,        No. 2:11-cv-2459-LKK-JFM (PC)

    vs.

BRELJE, *et al.*,

      Defendants.       <u>NOTICE OF AMENDMENT</u>

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____     Amended Complaint

DATED:

                                                _____
                                                Plaintiff